SEYFARTH SHAW LLP
Brian Long (SBN 232746)
bplong@seyfarth.com
Richard B. Mojica (SBN 327078)
rmojica@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HYATT CORPORATION dba
THE SEABIRD A DESTINATION
HOTEL; and DH2 HOLDING, LLC dba
MISSION PACIFIC HOTEL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| JOSH MONTES an individual, on behalf of Plaintiff, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION dba THE SEABIRD - A DESTINATION HOTEL, a Delaware corporation; OCEANSIDE BEACH RESORT OWNER, LLC, a Delaware limited liability company; S.D. MALKIN PROPERTIES, INC., a Delaware corporation; S.D. MALKIN OCEANSIDE, LLC, a Delaware limited liability company; DH2 HOLDING LLC dba MISSION PACIFIC HOTEL, a Delaware limited liability company; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 25CU065911N<br><br>**DEFENDANTS HYATT CORPORATION AND DH2 HOLDING, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Action Filed: December 5, 2025 |

Defendants Hyatt Corporation dba The Seabird A Destination Hotel ("Hyatt"), and DH2 Holding, LLC dba Mission Pacific Hotel (collectively, "Defendants") hereby answer Plaintiff Josh Montes' ("Plaintiff") unverified First Amended Class Action Complaint ("FAC"), as set forth below.

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d) and (e), Defendants deny, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the FAC, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants. Defendants further deny, generally and specifically, that Plaintiff and those persons he seeks to represent have suffered any damage or loss of wages, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

**SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES**

In further answer to the FAC, and as separate and distinct affirmative defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST DEFENSE**

**(Arbitration Agreement)**

1. Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the potential class members executed an arbitration agreement with a class action waiver that covers the claims alleged in this action. Plaintiff cannot represent potential class members who signed an arbitration agreement with a valid class action waiver because those potential class members cannot be included in the instant class action.

**SECOND DEFENSE**

**(Failure to State a Cause of Action)**

2. The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, because Plaintiff fails to state facts sufficient to constitute a cause of action against Defendants.

**THIRD DEFENSE**

**(Improperly Named Defendant)**

3. The FAC, and each purported cause of action alleged therein, fails on the grounds that DH2 Holding, LLC is an improperly named defendant. DH2 Holding, LLC did not employ any of the putative class members alleged in the class, and does not manage the hotel property alleged in the FAC.

**FOURTH DEFENSE**

**(Statute of Limitations)**

4. The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, by the applicable statues of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 339, 340, and 343, California Business & Professions Code § 17208, and/or California Labor Code § 200, 204, 226, 226.7, 233, 246, 351, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, and 2802.

**FIFTH DEFENSE**

**(Estoppel)**

5. Defendants are informed and believe and thereon allege that Plaintiff and those persons Plaintiff purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the FAC against Defendants.

**SIXTH DEFENSE**

**(Unclean Hands)**

6. Defendants are informed and believe and thereon allege that Plaintiff and those persons Plaintiff purports to represent have engaged in conduct that bars the claims for relief in the FAC, in whole or in part, by the doctrine of unclean hands.

**SEVENTH DEFENSE**

**(Laches)**

7. Defendants are informed and believe and thereon allege that Plaintiff and those persons Plaintiff purports to represent have engaged in conduct that bars the claims for relief in the FAC, in whole or in part, by the doctrine of latches.

**EIGHTH DEFENSE**

**(Offset)**

8. To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

**NINTH DEFENSE**

**(Waiver)**

9. Defendants are informed and believe and thereon allege that Plaintiff and those persons Plaintiff purports to represent have engaged in conduct that bars the claims for relief in the FAC, in whole or in part, by virtue of the doctrine of waiver.

**TENTH DEFENSE**

**(Res Judicata/Collateral Estoppel)**

10. Plaintiff's FAC, and each purported cause of action, is barred by the doctrines of res judicata and collateral estoppel to the extent that Plaintiff and/or putative class members have asserted any similar claims to those alleged in the FAC in a previous adjudication on the merits.

**ELEVENTH DEFENSE**

**(Release)**

11. Plaintiff's FAC, and each purported cause of action, is barred by the doctrines of release as to Plaintiff and/or any putative class member who has given a release in exchange for adequate consideration.

**TWELFTH DEFENSE**

**(Accord and Satisfaction)**

12. Plaintiff's FAC, and each cause of action, is barred by the doctrine of accord and satisfaction, on the basis Plaintiff or others were properly and fully compensated for all work performed and acceptance of such payments constituted an accord and satisfaction of all debts, if any, owed by Defendants.

**THIRTEENTH DEFENSE**

**(Prompt Remedial Action)**

13. Defendants took prompt and appropriate corrective action in response to Plaintiff's complaint or stated concerns regarding the workplace, if in fact Plaintiff made any such complaint, thereby satisfying all legal duties and obligation Defendants had to Plaintiff, if any at all.

**FOURTEENTH DEFENSE**

**(No Standing)**

14. Plaintiff's claims are barred to the extent Plaintiff lacks standing to pursue the claims for relief in the FAC on behalf of some or all putative class members.

**FIFTEENTH DEFENSE**

**(Due Process)**

15. Plaintiff's claims are barred because prosecution of this action by Plaintiff and the putative class members as a class action would constitute a denial of Defendants' substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

**SIXTEENTH DEFENSE**

**(Failure to Follow Employer's Established Procedures)**

16. The FAC, and each purported cause of action, is barred to the extent Plaintiff or others failed to comply with all directions of their employer concerning the service on which they were engaged, pursuant to Labor Code section 2856.

**SEVENTEENTH DEFENSE**

**(No Knowledge of Overtime or Denial of Meal or Rest Periods)**

17. Plaintiff's FAC, and each purported cause of action therein, is barred to the extent Defendants did not have actual or constructive knowledge of any purported overtime or off-the-clock work allegedly performed by Plaintiff or those persons Plaintiff purports to represent. Defendants also did not have actual or constructive knowledge that Plaintiff or those persons Plaintiff purports to represent were denied any meal or rest periods. *See, e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where

an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

**EIGHTEENTH DEFENSE**

**(Failure to Take Provided Meal or Rest Periods)**

18. Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals Plaintiff seeks to represent were, at all relevant times, provided with all required meal periods and authorized and permitted to take all required rest periods, and chose not to take the meal periods and rest periods which were provided or authorized and permitted.

**NINETEENTH DEFENSE**

**(Waiver of Meal Periods)**

19. Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or those individuals Plaintiff seeks to represent have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

**TWENTIETH DEFENSE**

**(Ratification)**

20. Plaintiff's FAC, and each purported cause of action alleged therein, is barred on the grounds that Plaintiff or any potential class member ratified Defendants' alleged actions.

**TWENTY-FIRST DEFENSE**

**(Good-Faith Dispute)**

21. Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendants did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code or the applicable wage order.

**TWENTY-SECOND DEFENSE**

**(No Knowing and Intentional Violation of Labor Code)**

22. Any alleged violation of the California Labor Code was not knowing and intentional and therefore Plaintiff's requested recovery is barred.

**TWENTY-THIRD DEFENSE**

**(Failure To Inform Employer of Alleged Violations)**

23. Plaintiff's FAC, and each purported cause of action alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any of the alleged violations set forth in the FAC. Defendants did not have actual or constructive knowledge about any purported off-the-clock work allegedly performed by Plaintiff or any potential class member. Defendants did not have actual or constructive knowledge about any alleged failure to pay minimum, overtime, sick pay, premium pay and/or other wages to Plaintiff or any potential class members. Defendants did not have actual or constructive knowledge that Plaintiff or any potential class members were allegedly not reimbursed for necessary business expenses. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time Plaintiff filed this lawsuit.

**TWENTY-FOURTH DEFENSE**

**(Payment of Paid Sick Leave)**

24. Plaintiff's sick pay claims fail because Defendants fully paid Plaintiff and/or potential class members paid sick leave in accordance with applicable law, rules, and regulations.

**TWENTY-FIFTH DEFENSE**

**(*De Minimis* Doctrine)**

25. Plaintiff's FAC, and each purported cause of action alleged therein, fails to the extent that even if Plaintiff and/or potential class members suffered damages (which Defendants dispute and deny) as a result of Defendants' conduct, such damage is *de minimis* and therefore, not compensable as a matter of law.

**TWENTY-SIXTH DEFENSE**

**(Failure to Show Adequate Damages)**

26. Plaintiff's FAC, and each purported cause of action alleged therein, fails to the extent that Plaintiff cannot show a specific or reliable measure of alleged damages owed to Plaintiff and/or the members of the purported class.

**<u>TWENTY-SEVENTH DEFENSE</u>**

**(Failure to Mitigate Damages or Penalties)**

27. Defendants allege, based on information and belief, that Plaintiff and those persons Plaintiff purports to represent had the ability and opportunity to mitigate the purported damages or penalties alleged in the FAC and failed to act reasonably to mitigate such damages or penalties. By reason of the foregoing, Plaintiff and those persons Plaintiff purports to represent are barred in whole or in part from recovery of damages or penalties from Defendants.

**<u>TWENTY-EIGHTH DEFENSE</u>**

**(Contribution by Plaintiff's Own Acts)**

28. If the injuries and/or alleged damages in the FAC occurred at all (which Defendants deny), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff and/or the potential class's own acts, omissions, and/or failures to act.

**<u>TWENTY-NINTH DEFENSE</u>**

**(Avoidable Consequences Doctrine)**

29. Plaintiff's FAC, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

**<u>THIRTIETH DEFENSE</u>**

**(Lawful Policies)**

30. Plaintiff's FAC, and each purported cause of action alleged therein, is barred because Defendants had lawful policies and at all times paid all wages owed, reimbursed employees for necessary business expenses, and had policies that complied with the California Labor Code and Wage Order, in accordance with California law.

**<u>THIRTY-FIRST DEFENSE</u>**

**(Excessive Fines)**

31. Plaintiff's FAC, and each purported cause of action alleged therein, is barred because it constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution.

**THIRTY-SECOND DEFENSE**

**(No Knowledge of Reasonable And Necessary Business Expenses)**

32. Plaintiff's FAC, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or those persons Plaintiff purports to represent, did not incur any alleged expenses that were reasonable and/or necessary, and did not inform Defendants or seek indemnification for reasonably and necessarily incurred business expenses. An employer cannot be held liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

**THIRTY-THIRD DEFENSE**

**(Action Unconstitutional)**

33. Prosecuting a class action and certification of the alleged class as representative of the general public under California Business and Professions Code Section 17200 is barred, under the facts and circumstances of this case, because provisions of Section 17200 violate the provisions of the United States and California Constitutions, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTY-FOURTH DEFENSE**

**(Lack of Standing Under Business and Professions Code Section 17200)**

34. Plaintiff's FAC, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property. Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

**THIRTY-FIFTH DEFENSE**

**(Additional Affirmative Defenses)**

35. Defendants may have additional, as yet unidentified defenses available. Defendants reserve the right to assert any additional affirmative defenses that are supported by information or facts obtained through discovery or other means during this case, and Defendants expressly reserve the right to amend this answer to assert such additional affirmative defenses in the future.

**PRAYER**

Wherefore, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by way of the FAC;
2. That the FAC be dismissed in its entirety, with prejudice;
3. That judgment be entered in favor of Defendants and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;
4. That Defendants be awarded the costs of suit herein incurred and, to the extent permitted by law, be awarded reasonable attorney's fees according to proof; and
5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: March 5, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Richard B. Mojica*
Brian Long
Michael Afar
Richard B. Mojica
Attorneys for Defendants
HYATT CORPORATION dba THE SEABIRD A DESTINATION HOTEL and DH2 HOLDING LLC dba MISSION PACIFIC HOTEL

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On March 5, 2026, I served the within document(s):

**DEFENDANTS HYATT CORPORATION AND DH2 HOLDING, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Zakay Law Group, APLC
Shani O. Zakay
Jackland K. Hom
Jennifer Gertenzang
Nicole Noursamadi
Eden Zakay
Jaclyn Joyce
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
T: (619) 255-9047
shani@zakaylaw.com
jackland@zakaylaw.com
jenny@zakaylaw.com
nicole@zakaylaw.com
eden@zakaylaw.com
jaclyn@zakaylaw.com

Attorneys for Plaintiff
JOSH MONTES

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 5, 2026, at San Francisco, California.

Karen A. Rodrigues