**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
shani@zakaylaw.com
Eden Zakay (State Bar #339536)
eden@zakaylaw.com
Nicole Noursamadi (State Bar #357246)
nicole@zakaylaw.com
Jaclyn Joyce (State Bar #285124)
jaclyn@zakaylaw.com
3110 Camino Del Rio S, Suite 308
San Diego, CA 92108
Telephone: (619) 255-9047

Attorneys for PLAINTIFF

[Additional Counsel on Next Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH MONTES an individual, on behalf of Plaintiff, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br>v.<br><br>HYATT CORPORATION dba THE SEABIRD - A DESTINATION HOTEL, a Delaware corporation; OCEANSIDE BEACH RESORT OWNER, LLC, a Delaware limited liability company; S.D. MALKIN PROPERTIES, INC., a Delaware corporation; S.D. MALKIN OCEANSIDE, LLC, a Delaware limited liability company; DH2 HOLDING LLC dba MISSION PACIFIC HOTEL, a Delaware limited liability company; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No. 3:26-cv-01412-DMS-BJW<br><br>**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Case Management Conference:<br>Date: June 17, 2026<br>Time: 2:00pm<br><br>Magistrate Judge: Hon. Brian J. White<br><br>Complaint Filed: December 5, 2025<br>Action Removed: March 5, 2026 |

326451623v.2

**SEYFARTH SHAW LLP**
Brian P. Long (SBN 232746)
bplong@seyfarth.com
Richard B. Mojica (SBN 327078)
rmojica@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

**SEYFARTH SHAW LLP**
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant HYATT CORPORATION dba THE SEABIRD - A DESTINATION HOTEL

326451623v.2

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the Court's May 5, 2026, Notice and Order Setting Early Neutral Evaluation; Rule 26 Compliance; and Case Management Conference, and the Court's Civil Chamber Rules, counsel for Plaintiff JOSH MONTES ("**Plaintiff**") and Defendant HYATT CORPORATION dba THE SEABIRD - A DESTINATION HOTEL ("**Defendant,**" and with Plaintiff, the "**Parties**") commenced meet and confer efforts on June 1, 2026. The Parties, by and through their undersigned counsel, submit this Joint Discovery Plan Pursuant to Fed. R. Civ. P. 26(f).

Plaintiff respectfully requests a continuance of the Early Neutral Evaluation and Case Management Conference currently scheduled for June 17, 2026. Plaintiff believes proceeding with the conference at this time would be premature given the pending Motion to Remand. In addition, Defendant has advised Plaintiff of its intention to file a Motion to Compel Arbitration.

Because the Court's resolution of these threshold issues may significantly affect the course of this litigation, Plaintiff believes that the pending and anticipated motions should be decided before the parties engage in discovery or participate in an Early Neutral Evaluation. Accordingly, Plaintiff requests that the June 17, 2026, Early Neutral Evaluation and Case Management Conference be continued to a date following the Court's ruling on the Motion to Remand and Motion to Compel Arbitration.

## I.    Jurisdiction and Service

The following Defendants have been served but have not made an appearance: (1) OCEANSIDE BEACH RESORT OWNER, LLC; (2) S.D. MALKIN PROPERTIES, INC.; (3) S.D. MALKIN OCEANSIDE, LLC; and (4) DH2 HOLDING LLC dba MISSION PACIFIC HOTEL

The Parties are currently meeting and conferring regarding the possibility that these Defendants were erroneously named.

/ / /

-1-
JOINT DISCOVERY PLAN

***Defendant's Position:***

Defendant removed this action from state court to this Court, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441, and 1446 ("CAFA"). Defendant contends that minimal diversity exists and Plaintiff's factual allegations in the Complaint support a finding that the case exceeds the $5 million jurisdictional threshold under CAFA. Defendant's arguments and position regarding the jurisdiction of this case are outlined in Defendant's Notice of Removal (Dkt. 1) and Defendant's Opposition to Plaintiff's Motion to Remand (Dkt. 11.).

Also, Defendant contends that Plaintiff and other putative class members signed a valid and enforceable arbitration agreement. Plaintiff agreed to arbitrate his individual claims and to waive any right to assert claims on a class-wide basis. As a result, Plaintiff is required to arbitrate his individual claims and to dismiss his class claims.

Defendant contends that it is the proper defendant in this case. Defendant is conferring with Plaintiff regarding the dismissal of the other entities and providing a declaration to support dismissal. The Parties are actively meeting and conferring on these issues.

## II.   <u>Amendment of Pleadings</u>

Plaintiff does not anticipate amending the complaint at this time. The Parties will meet and confer as necessary.

***Defendant's Position:***

Defendant does not anticipate amending its pleadings at this time, but reserves the right to amend.  Defendant contends that the operative Complaint fails to plead specific facts required under *Twombly* and *Iqbal* and also contains improperly named defendants, which will require further amendment by Plaintiff.

/ / /

326451623v.2

## III.    Facts

### *Plaintiff's Position:*

Plaintiff filed a class action complaint on December 5, 2025, which alleges ten (10) causes of action for various wage and hour violations.

Plaintiff has reviewed the arbitration agreement purportedly signed by Plaintiff, and believes it is unenforceable. Plaintiff intends to oppose Defendant's forthcoming motion to compel arbitration.

### *Defendant's Position:*

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies that this case is suitable for class certification.

Defendant further contends that Plaintiff signed a valid and enforceable arbitration agreement. Plaintiff agreed to arbitrate his individual claims and to waive any right to assert claims on a class-wide basis. As a result, Plaintiff is required to arbitrate his individual claims and to dismiss his class claims.

## IV.    Legal Issues

### *Plaintiff's Position:*

Plaintiff alleges that Defendants maintained unlawful policies and practices that resulted in various violations of the California Labor Code and applicable Industrial Welfare Commission Wage Orders. Plaintiff contends that these violations occurred on a class-wide basis and affected Plaintiff and the putative class members in a substantially similar manner. Plaintiff further contends that the claims are well-suited for class treatment because they arise from common policies, practices, and procedures applicable to the proposed class.

Plaintiff disputes Defendant's contention that individualized issues predominate and maintains that common questions regarding Defendants' policies and practices are capable of common proof. Plaintiff intends to seek class

JOINT DISCOVERY PLAN

326451623v.2

certification and believes the requirements for certification will be satisfied following the completion of appropriate discovery.

Plaintiff also disputes Defendant's contention that Plaintiff's claims are subject to arbitration. Plaintiff contends that the purported arbitration agreement is unenforceable. Plaintiff intends to oppose Defendant's forthcoming Motion to Compel Arbitration.

***Defendant's Position:***

Defendant answered the operative First Amended Complaint, and in answering, denied all the material allegations in the FAC and asserted numerous affirmative defenses.

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies that this case is suitable for class certification. At all times, Defendant has maintained lawful policies, which necessarily means that Plaintiff's claims would turn on individualized, fact-dependent inquiries that predominate over any alleged common questions. *See, e.g., McLeod v. Michael's Stores, Inc.,* 2009 WL 10674458, at *5 (C.D. Cal. Dec. 16, 2009) (denying class certification; "[Defendant's] policy is also facially valid … This claim would also turn on individualized, fact-dependent inquiries; common, class-wide questions do not predominate. All the case law militates in favor of denying class certification in the face of a lawful policy.") (emphasis added); *Ramirez v. GEO Grp,* 2019 WL 6782920, at *6 (S.D. Cal. Dec. 11, 2019) (where the "policy is lawful on its face, any violation would have to be determined on a case-by-case basis, which precludes certification on this issue").

Defendant also contends that Plaintiff signed a valid and enforceable arbitration agreement, which is a threshold legal issue that must be addressed prior to any other claims. Plaintiff agreed to arbitrate his individual claims and to waive any right to assert claims on a class-wide basis. As a result, Plaintiff is required to

arbitrate his individual claims and to dismiss his class claims. The Parties are actively meeting and conferring on these issues.

## V.    Motions

### *Plaintiff's Position:*

Plaintiff intends to oppose Defendant's anticipated Motion to Compel Arbitration. In the event the matter remains before this Court, Plaintiff anticipates filing a Motion for Class Certification following the completion of class discovery.

### *Defendant's Position:*

Defendant will enforce Plaintiff's arbitration agreement by filing a Motion to Compel Arbitration, if Plaintiff does not stipulate. The Motion to Compel Arbitration will seek to compel arbitration of Plaintiff's individual claims and to dismiss Plaintiff's class claims, pursuant to a class action waiver contained in Plaintiff's arbitration agreement.

Assuming Arbitration is compelled, Defendant anticipates filing a petition to Confirm Arbitration Award should it prevail in individual arbitration.

In the event arbitration is not compelled and litigation proceeds in this Court, Defendant will (i) oppose Plaintiff's Motion for Class Certification; (ii) file a Motion to Decertify Class (if class is certified or to preemptively exclude all potential class members subject to arbitration agreements); and (iii) file a Motion for Summary Judgment/Summary Adjudication as to Plaintiff's individual claims and class claims, as appropriate. Also, Defendant may file (iv) a Motion for Judgment on the Pleadings based on *Twombly* and *Iqbal*, or (v) a Motion to Deny Class Certification.

Additionally, Defendant may bring motions to compel, motions in limine, and a motion to bifurcate, if necessary.

/ / /

-5-

JOINT DISCOVERY PLAN

326451623v.2

## VI.   **Protective Order**

***Plaintiff's Position:***

A protective order is not sought at this time. Plaintiff is willing to meet and confer as to a protective order as necessary.

***Defendant's Position:***

Defendant does not believe a protective order is necessary at this time, but will confer with counsel for Plaintiff should the need arise.

## VII.   **Issues of Privilege**

The Parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials at this time. Should there be a need for a protective order to protect the privacy or confidentiality of documents, the Parties are generally amenable to such an order and will meet and confer about said stipulation and order should the need arise. The Parties have agreed that in the event of an inadvertent disclosure, the party who unintentionally disclosed a privileged document may claw back the document at issue.

## VIII.   **Evidence Preservation**

The parties represent that they have taken reasonable steps to preserve documents, electronically stored information ("ESI"), and tangible things that may be relevant to the claims and defenses in this action. At this time, the parties are not aware of any issues concerning the preservation of discoverable information requiring the Court's intervention.

## IX.   **ESI [Fed. R. Civ. P. 26(f)(3)(C)]**

The Parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their possession. The Parties will continue a meet-and-confer dialogue related to ESI.

/ / /

326451623v.2

*Plaintiff's Position:*

Plaintiff will request that all time and wage records be produced in an electronic, searchable format, such as in a Microsoft Excel spreadsheet. Most employers retain time and wage records electronically and most electronic databases, whether maintained by a third-party vendor or the employer itself, can generate an Excel spreadsheet.

*Defendant's Position:*

Defendant is not aware of any issues relating to disclosure or discovery of electronically-stored information but will address any such issue in the event they arise.

## X.     Initial Disclosures [Fed. R. Civ. P. 26(f)(3)(A)]

The Parties agree to exchange their Fed. R. Civ. P. 26(a)(1) disclosures on or before June 17, 2026. The Parties do not anticipate any changes to the timing, form, or scope of the initial disclosures.

## XI.     Discovery

*Plaintiff's Position:*

Plaintiff has not yet propounded discovery but plans on doing so in the next 30 days.

*Defendant's Position:*

The parties have not yet engaged in formal discovery. Defendant contends that it is premature and improper to engage in discovery (especially on a class wide basis), because this case belongs in individual arbitration. Accordingly, Defendant will object to any discovery pending a ruling on Defendant's Motion to Compel Arbitration.

## XII.     The Subjects And Timing Of Discovery [Fed. R. Civ. P. 26(f)(3)(B)]

*Plaintiff's Position:*

Plaintiff plans on serving interrogatories, requests for production of documents and requests for admissions concerning the employment and state-wide wage and

-7-

326451623v.2

hour policies and practices to which the Plaintiff and the members of the class were uniformly subject.

Among other items, Plaintiff will seek the contact information of the potential class members, pursuant to a "Belaire-West" Notice. This Notice will be distributed to allow the Class Members an opportunity to opt out from having their contact information disclosed to counsel.

This notice process is a settled procedure in wage and hour class actions such as this one.  Precertification contact information regarding the identity of potential class members is discoverable so that the lead plaintiff(s) may learn the names of other persons who might assist in prosecuting the case. *See e.g.* Tierno v. Rite Aid Corp., 2006 U.S. Dist. LEXIS 71795 (N.D. 2006).

Plaintiff anticipates that a period of at least six (6) months will be required for the parties to agree on a form notice, file a motion to compel the notice procedure if necessary, distribute the notice to the class, allow the class members thirty (30) days to respond, and then follow up with interviews of the class members who do not opt out to ascertain who should be added to the complaint as an additional class representative.

Prompt distribution of Plaintiff's Notice to the class is necessary to expedite the production of the class members' contact information to Plaintiff. The bulk of Plaintiff's discovery will be guided by the information gathered from interviews of the class members. To the extent that there is any delay in the Notice process, the balance of Plaintiff's discovery will be bottlenecked and also delayed. For this reason, Plaintiff will request an order from the Court approving of the form Notice and ordering the process to commence by a date certain.

Plaintiff does not believe that bifurcation is proper for this case, given the inevitable overlap between merits discovery and class discovery, especially in this case, as outlined above. For this reason, Plaintiff respectfully submits that no orders should be issued regarding bifurcation without further briefing on the issue.

-8-

***Defendant's Position***:

Defendant believes that it is premature and improper to engage in discovery (especially on a class wide basis), because this case belongs in individual arbitration. Additionally, it is Defendant's position that pre-certification discovery should be limited to Plaintiff's individual claims and Defendant's relevant policies and procedures in order to permit Plaintiff to obtain discovery needed to prepare his motion for class certification.

If this matter does not proceed in arbitration, Defendant will propound written discovery to Plaintiff, including but not limited to Requests for Production of Documents, Interrogatories, and Requests for Admission. Defendant may later propound additional written discovery requests. The scope and timing of additional discovery depends in large measure on whether the Court grants or denies Plaintiff's Motion for Class Certification.

Defendant intends to depose Plaintiff and any declarants used in support of Plaintiff's Motion for Class Certification, should any class claims remain. Defendant may also depose putative class members prior to the filing of any class certification motion. Therefore, Defendant may seek depositions of opt-in plaintiffs or putative class members beyond the 10 depositions authorized by the Federal Rules of Civil Procedure. Should that need arise as the litigation progresses, Defendant will meet and confer with Plaintiff.

## XIII. <u>Changes To Limitations On Discovery [Fed. R. Civ. P. 26(f)(3)(E)]</u>

The Parties do not currently anticipate any limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of Practice for the United States District Court for the Southern District of California. To the extent future issues arise regarding these limitations, the Parties will meet and confer as necessary on the suitability of additional discovery.

JOINT DISCOVERY PLAN

326451623v.2

Should a class be certified, the Parties anticipate meeting and conferring to determine the scope and size of any post-certification merits discovery and trial preparation.

***Defendant's Position***:

Defendant believes that it is premature to discuss limitations on discovery (especially on a class wide basis), as this case belongs in individual arbitration. If this matter does not proceed in arbitration, the scope and timing of discovery depends in large measure on whether the Court grants or denies Plaintiff's Motion for Class Certification. Defendant intends to depose Plaintiff and any declarants used in support of Plaintiff's Motion for Class Certification, should any class claims remain. Defendant may also depose putative class members prior to the filing of any class certification motion. Therefore, Defendant may seek depositions of opt-in plaintiffs or putative class members beyond the 10 depositions authorized by the Federal Rules of Civil Procedure. Should that need arise as the litigation progresses, Defendant will meet and confer with Plaintiff.

## XIV. <u>Scheduling</u>

***Plaintiff's Position:***

Given the nature of Plaintiff's claims as a putative class action, the Parties request that the Court extend the pre-trial deadlines to reflect the significant work that must take place before Plaintiff files, and Defendants oppose a motion for class certification. Furthermore, depending on how the District Court ultimately rules on Plaintiff's motion for class certification, the procedural posture of the case will change significantly.

Separately, following meet and confer efforts, the Parties anticipate that Defendant will file a Motion to Compel Arbitration, which Plaintiff intends to oppose. Therefore, the Parties agreed to the below timeline to provide adequate time for Defendant's motion to compel arbitration to be filed and heard.

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline |
|---|---|---|
| Last day to complete pre-certification fact discovery | August 2, 2027 | |
| Last day to file Motion for Class Certification | August 30, 2027 | |
| Last Day to Oppose Motion for Class Certification | October 12, 2027 | |
| Last Day to File Reply in Support of Motion for Class Certification | November 12, 2027 | |
| Fact Discovery Completion | See Above | |
| Initial Expert Witness Designation and Disclosures | September 28, 2027 | |
| Rebuttal Witness Designation and Disclosures | October 26, 2027 | |
| Post-Certification Fact Discovery Completion | December 14, 2027 | |
| Expert Discovery Completion | January 11, 2028 | |
| Last Day to File Dispositive Motions | February 17, 2028 | |
| Final Pretrial Conference | March 15, 2028 | |

### *Defendant's Position*:

Defendant believes it is premature to set any discovery or motion deadlines until after a determination on Defendant's anticipated Motion to Compel Arbitration. Thus, Defendant requests that the Court allow the Parties to submit a proposed schedule of relevant deadlines after the Court has issued an order on Defendant's anticipated Motion to Compel Arbitration. Defendant intends to file its motion within 30 days from the Court's Initial Case Management Conference.

/ / /

326451623v.2

## XV.  Trial

*Plaintiff's Position:*

Plaintiff believes it is premature to set a trial date at this stage of the proceedings. The Parties' dispute regarding arbitration has not yet been resolved, and, if the matter remains before this Court, issues relating to class certification likewise remain to be determined. Because the scope and nature of the claims that will ultimately proceed to trial have not yet been established. Plaintiff respectfully requests that the Court defer setting a trial date until after the arbitration and class certification issues have been resolved.

*Defendant's Position:*

Defendant believes that it is currently premature to set a trial date in this matter. Trial length will depend on whether the matter proceeds to trial on a class action or individual basis. If the matter proceeds to trial on a class basis, the scope of the class certified will affect the length, but Defendant estimates a jury trial spanning around three (3) months, given that Plaintiff will need to prove liability for each and every individual class member. If on a single plaintiff basis, Defendant estimates a 4-day jury trial. Defendant respectfully requests that a trial date be set following a determination on class certification.

## XVI.  Related Cases

The Parties are unaware of any related cases at this time.

## XVII. Relief

*Plaintiff's Position:*

Plaintiff does not believe the amount in controversy exceeds $5 million at this time. A thorough investigation will need to be conducted once formal discovery has been produced, which will allow Plaintiff to obtain an expert to analyze the amount in controversy.

/ / /

-12-

JOINT DISCOVERY PLAN

326451623v.2

***Defendant's Position:***

Without admitting any liability, the allegations set forth in Plaintiff's FAC give rise to an amount in controversy in excess of $5 million, as explained in Defendant's Notice of Removal (Dkt. 1). Nevertheless, Defendant denies Plaintiff's assertions and denies that Plaintiff or any putative class members are entitled to the relief sought in the operative FAC or the Prayer, or any other relief sought whatsoever.

## XVIII.    Settlement

***Plaintiff's Position:***

Plaintiff believes an Early Neutral Evaluation is premature at this time. At a minimum, the Parties must engage in a meaningful exchange of class data sufficient to allow Plaintiff to evaluate the scope and value of the asserted class claims and to assess any potential class-wide resolution. That exchange has not yet occurred and, given the current procedural posture and timing of the case, cannot realistically be completed prior to the Court's scheduled ENE.

In addition, the case is not presently ripe for settlement on a class basis because Defendant has indicated its intent to file a Motion to Compel Arbitration. If Defendant prevails on that motion, Plaintiff's class claims would be extinguished, substantially altering the nature and scope of the case and any potential resolution.

Plaintiff remains open to participating in settlement discussions following a meaningful exchange of class-wide data and resolution of the arbitration issues, at which point the Parties will be in a better position to evaluate the merits and settlement value of the case.

***Defendant's Position:***

Given Defendant's anticipated Motion to Compel Arbitration, Defendant believes that settlement discussions are premature.

/ / /

-13-

326451623v.2

## XIX. Disclosure of Non-Party Interested Entities or Persons

*Plaintiff's Position:*

Plaintiff does not believe there are any non-party interested entities or persons at this time.

*Defendant's Position:*

Defendant filed its "Notice of Parties with Financial Interest" required by Southern District of California Civil Local Rule 40.2 and "Corporate Disclosure Statement" required by Federal Rule of Civil Procedure 7.1.

## XX. Professional Conduct

*Plaintiff's Position:*

Plaintiff reviewed Civil Local Rule 2.1 and agrees to abide by the Court's Code of Conduct.

*Defendant's Position:*

Defendant and its counsel have reviewed Civil Local Rule 2.1, and agree to abide by the Court's Code of Conduct.

## XXI. Other Matters

*Plaintiff's Position:*

Plaintiff has no other issues to raise at this early juncture.

*Defendant's Position:*

Aside from setting a briefing schedule on Defendant's Motion to Compel Arbitration, Defendant has no other issues regarding the disposition of this matter at this time.

-14-

326451623v.2

Dated:  June 10, 2026

**SEYFARTH SHAW LLP**


By          */s/ Michael Afar*

BRIAN P. LONG
MICHAEL AFAR
RICHARD B. MOJICA
Attorneys for Defendant
HYATT CORPORATION


Dated:  June 10, 2026


**ZAKAY LAW GROUP, APLC**


By          */s/ Eden Zakay*

EDEN ZAKAY
SHANI O. ZAKAY
NICOLE NOURSAMADI
JACLYN JOYCE
Attorney for Plaintiff

JOINT DISCOVERY PLAN

326451623v.2