UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH MONTES, an individual, on behalf of Plaintiff, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION dba THE SEABIRD – A DESTINATION HOTEL, a Delaware corporation; OCEANSIDE BEACH RESORT OWNER, LLC, a Delaware limited liability company; S.D. MALKIN PROPERTIES, INC., a Delaware corporation; S.D. MALKIN OCEANSIDE, LLC, a Delaware limited liability company; DH2 HOLDING LLC dba MISSION PACIFIC HOTEL, a Delaware limited liability company; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.: 26cv1412DMS(BJW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |

This case comes before the Court on Plaintiff Josh Montes's motion to remand this case to state court. Defendant Hyatt Corporation dba The Seabird – A Destination Hotel filed an opposition, and Plaintiff filed a reply. For the reasons set out below, the motion is denied.

# I.

# BACKGROUND

Plaintiff was a non-exempt, hourly employee of Defendant Hyatt Corporation's The Seabird Hotel from May 2022 through December 2024. (Compl. ¶ 8; Decl. of Daniel Strittmatter in Supp. of Not. of Removal ¶ 5.)  On behalf of himself and a class of similarly situated employees, Plaintiff filed the present case against Defendant in San Diego Superior Court on December 5, 2025, asserting ten causes of action. (FAC ¶ 10.)  He alleges individual and class claims for violations of California Business & Professions Code § 17200, *et seq*., California Labor Code §§ 1194, 1197, and 1197.1 (failure to pay minimum wages), California Labor Code §§ 510 and 1198 (failure to pay overtime compensation), California Labor Code §§ 226.7 and 512 (failure to provide required meal periods), California Labor Code §§ 226.7 and 512 (failure to provide rest periods), California Labor Code § 226 (failure to provide accurate itemized statements), California Labor Code §§ 201, 202, and 203 (failure to pay wages when due), California Labor Code § 2802 (failure to reimburse necessary business expenses), California Labor Code §§ 226, 432, and 1198.5 (failure to permit inspection of employee records), and California Labor Code § 351 (failure to provide gratuities). (FAC ¶¶ 77–156.)

Defendant removed the case to this Court, alleging jurisdiction under the Class Action Fairness Act ("CAFA").  Plaintiff filed a Motion to Remand shortly after, arguing Defendant failed to satisfy its burden of establishing that the class claims satisfy the jurisdictional minimum of $5,000,000 under CAFA.  The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (*See* ECF No. 13.)

# II.

# LEGAL STANDARD

CAFA permits a defendant to remove a class action to federal court if there is minimal diversity between the parties, the class contains at least 100 members, and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d).  Here, the parties do

26cv1412DMS(BJW)

not dispute CAFA's jurisdictional requirements of minimal diversity and class numerosity. The only issue is whether the amount in controversy requirement is satisfied.

To remove a class action to federal court pursuant to CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "Evidence establishing the amount is required…only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*  In that case, as here, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

Congress enacted CAFA to "facilitate adjudication of certain class actions in federal court." *Id*. at 89.  Therefore, "no antiremoval presumption attends cases invoking CAFA." *Id.*  However, "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

In identifying the amount in controversy, Defendant may rely on "a chain of reasoning that includes assumptions." *Id.*  These assumptions must be "founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citation omitted).  To support their assumptions, parties may also submit "affidavits or declarations, or other 'summary-judgment-type evidence.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

### III.

### DISCUSSION

In its notice of removal, Defendant goes through each of Plaintiff's claims and argues the total amount in controversy is $14,532,346, well above the jurisdictional requirement of $5,000,000.  In support, Defendant submitted a declaration from Daniel Strittmatter, a Senior Analyst in Human Resources Information Technology for Defendant who asserts to be familiar with information and data related to Defendant's business and

26cv1412DMS(BJW)

personnel operations. (*See* Decl. of Daniel Strittmatter in Supp. of Not. of Removal ¶¶ 2–3.)  In his motion, Plaintiff argues "Defendant's [Notice of Removal] relies heavily on unreasonable assumptions not adequately supported by concrete admissible evidence, which has repeatedly been a basis for this Court – as well as other California District Courts – to remand matters." (Mot. at 3–4.)

Although Plaintiff asserts ten claims for relief in his Complaint, the Court need not determine whether every category in Defendant's Notice of Removal is properly valued. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 995 n.8 (9th Cir. 2022). The Court focuses its analysis on Plaintiff's fourth and fifth claims for alleged meal period and rest period violations, respectively, as these claims alone exceed the $5,000,000 jurisdictional threshold.  For the reasons set forth below, the Court finds Defendant has shown by the preponderance of evidence that the amount in controversy exceeds $5,000,000 and thus remand is inappropriate.

When a complaint alleges violations occur as a matter of "policy and practice," courts in this district have found assumed violation rates up to 60% to be reasonable. *See Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. Feb. 22, 2018) (finding a "60 percent violation rate for the meal period claim and a 30 percent violation rate for the rest period claim" reasonable when the complaint's only "guidance as to frequency" is the phrase "a policy and practice"); *see also Stanley v. Distrib. Alts., Inc.*, No. EDCV172173AGKKX, 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (finding three missed meal periods and three missed rest breaks per week reasonable when complaint is indeterminate as to frequency).  In his complaint, Plaintiff asserts that "as a matter of company policy, practice, and procedure," Defendant "intentionally, knowingly, and systematically failed to provide legally compliant meal and rest periods." (Compl. ¶ 20.) Defendant therefore assumes that Plaintiff and other class members missed one meal period and two rest periods per week. (Not. of Removal ¶ 42, 48.)  In his reply, Plaintiff argues that Defendant miscalculates the assumed violation rates. (*See Reply* at 2–3) (stating "the payment of one meal period premium per work week… is a 20% violation rate, not a 10%

violation rate" and "the payment of two rest period premiums per week… is a 40% violation rate, not a 20% violation rate.") However, whether Defendant miscalculated does not affect the Court's findings because, even at the high end, a 40% violation rate is a reasonable assumption based on the allegations and Mr. Strittmatter's declaration. *See Bryant*, 284 F. Supp. 3d at 1151.

Regarding meal period violations, Plaintiff alleges he and other California class members were "from time to time unable to take thirty (30) minute off-duty meal breaks and were not fully relieved of duty for their meal periods." (Compl. ¶ 22.) Plaintiff also asserts Defendant "often" did not fully relieve Plaintiff and other class members of duty for their meal periods. (*Id.* ¶ 122.) Plaintiff alleges "there were many days where Plaintiff did not even receive a partial lunch," and Plaintiff "regularly" worked without compensation. (*Id.* ¶ 21.) This was in accordance with Defendant's "strict corporate policy and practice." (*Id.* ¶ 22.) Therefore, Defendant "conservatively assume[s] that putative class members were not provided just one meal period each workweek." (Not. of Removal ¶ 42.) Based on the 1,470 non-exempt hourly employees who worked approximately 87,765 workweeks during the relevant period and the average hourly rate of $19.31, Defendant calculates that the amount in controversy on this claim is $1,694,742. (*Id.* ¶ 44; *see also* Decl. of Daniel Strittmatter in Supp. of Not. of Removal ¶ 6.)

The Court finds Defendant's assumption of one missed meal period per workweek to be reasonable. This case is similar to *Cavada v. Inter-Continental Hotels Group, Inc.*, No. 19cv1675-GPC (BLM), 2019 WL 5677846 (S.D. Cal. Nov. 1, 2019). The complaint in *Cavada* "utilize[d] both language supporting more frequent violations such as 'as a matter of company policy, practice and procedure…' and 'uniform policy and practice' with words that limit[ed] the scope of [the] allegations, such as 'from time to time', 'periodically…' and 'some workdays.'" *Id*. at *6. Based on this language, the district court in *Cavada* found that a 20% violation rate of one missed meal period per week was a reasonable assumption. *Id*. at *7.

/ / /

26cv1412DMS(BJW)

So, too, here.  Plaintiff's complaint also uses both broad and limited language to describe its allegations of meal period violations, without identifying a specific frequency. (*See generally* Compl.)  Accordingly, the Court finds a violation rate of one missed meal period per week is reasonable.

Regarding the rest period violations, Plaintiff asserts that "Plaintiff and other California class members were from time to time denied their proper rest periods" by Defendant. (*Id.* ¶ 23.)  Relying on Plaintiff's use of broad language in his Complaint such as "company policy, practice and procedure," and "intentionally, knowingly, and systematically failed to provide," Defendant assumes "at least two rest period violations per week for each potential class member." (Not. of Removal ¶¶ 47, 51.)  Based on the 1,470 non-exempt hourly employees who worked approximately 87,765 workweeks during the relevant period and the average hourly rate of $19.31, Defendant calculates the amount in controversy to be $3,389,484 for rest period violations. (*Id.*; *see also* Decl. of Daniel Strittmatter in Supp. of Not. of Removal ¶ 6.)

Like the assumed meal period violation rate, Defendant's assumed rest period violation rate is within the parameters that courts in the Ninth Circuit have found reasonable. *See Bryant*, 284 F. Supp. 3d at 1151; *see also Stanley*, 2017 WL 6209822, at *2.  Therefore, the Court finds Defendant's assumption of two rest period violations per week reasonable.

Plaintiff asserts three main arguments as to why Defendant's assumptions of violation rates for meal period and rest period violations should be disregarded.  First, Plaintiff argues that his assertion that the amount in controversy is less than $5,000,000 "is presumed to be correct." (Mot. at 1.)  However, Plaintiff's bare assertion is insufficient. *See Dart*, 574 U.S. at 87. In *Gonzalez v. Officia Imaging, Inc.*, No. 22cv1982 DMS (MDD), 2023 WL 12257750, at *3 (S.D. Cal. Mar. 14, 2023), this Court found that "simply [asserting], without any factual allegations, that the value of [Plaintiff's] individual claims does not exceed $75,000" did not constitute a good faith allegation. Accordingly, Plaintiff's "conclusory allegation [was] insufficient to rebut Defendants' showing" that the

26cv1412DMS(BJW)

jurisdictional threshold was exceeded. *Id.* Like the plaintiff in *Gonzalez*, Plaintiff here simply concludes that the value of his claims does not exceed $5,000,000, without any factual allegations. Therefore, Plaintiff's conclusory allegation is insufficient to rebut Defendant's showing that the amount in controversy on Plaintiff's claims exceeds $5,000,000.

Second, Plaintiff argues Defendant's meal and rest period violation rate assumptions are unreasonable because "Defendant's assumptions fail to take shift length into account." (Mot. at 4.) The Ninth Circuit has rejected a defendant's assumption that every class member in an action worked sufficient shift lengths to qualify for meal and rest breaks when the defendant "failed to provide *any* evidence to support its assumption." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). In *Harris*, the defendant did not address shift length in either their motion to remove or opposition to remand. *Id.* In contrast to the defendant in *Harris*, Defendant here does address shift length in its opposition to remand. Defendant gestures to Plaintiff's Complaint, which describes the putative class members' shift length as "typically" eight hours or more. (Compl. ¶ 36; *see* Opp'n at 10.) ("PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over forty (40) hours in a workweek, and more than eight (8) hours per day.") Therefore, Defendant assumed that each putative class member was entitled to one meal and rest break per day. (Opp'n at 10.) As the Ninth Circuit has clarified, "violation rates drawn from *reasonable* interpretations of the complaint" do not need to be "supported by competent evidence." *Perez v. Rose Hills Co.*, 131 F.4th 804, 809 (9th Cir. 2025). Accordingly, based on the language in the Complaint, the Court finds Defendant's assumption reasonable that every class member worked a sufficient length to qualify for meal and rest breaks.

Third, Plaintiff argues it is unreasonable for Defendant to rely on assumptions in determining violation rates, as Defendant had already investigated the claim and produced *actual* violation rates in a prior suit. (Mot. at 5–6.) However, a defendant's prior review of information in estimating the amount in controversy "does not heighten Defendant's burden in establishing removal jurisdiction under CAFA." *Campbell v. SkyWest Airlines,*

26cv1412DMS(BJW)

*Inc.*, No. 24-CV-2141 TWR (SBC), 2025 WL 720188, at *8 (S.D. Cal. Mar. 6, 2025). Defendant does not need to "prove it actually violated the law at the assumed rate." *Arias*, 936 F.3d at 927. Here, Defendant is not required to provide actual violation rates and may instead utilize reasonable assumptions.

## IV.

## CONCLUSION

There being no dispute that there is minimal diversity between Plaintiff and Defendant, and that the class is sufficiently numerous, and in light of Defendant's showing that the amount in controversy requirement is met, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d). Accordingly, Plaintiff's motion to remand is denied.

**IT IS SO ORDERED**.

Dated: July 13, 2026

_____
Hon. Dana M. Sabraw
United States District Judge

26cv1412DMS(BJW)